1  Brian T. Hafter (CA State Bar No. 173151)
2  brian.hafter@rimonlaw.com
   RIMON P.C.
3  One Embarcadero Center #400
   San Francisco, CA  94111
4  Telephone:  (415) 810-8403

5  Attorneys for Defendant
   THE REGENTS OF THE UNIVERSITY OF CALIFORNIA
6

7

8                    **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

10

11
   ASHANTI MCMILLON, an individual,        CASE NO.  5:20-CV-02049-JWH-SP
12
                    Plaintiff,
13                                          **DEFENDANT THE REGENTS OF THE**
          v.                                **UNIVERSITY OF CALIFORNIA'S REPLY**
14                                          **BRIEF IN SUPPORT OF ITS MOTION TO**
   THE REGENTS OF THE UNIVERSITY OF        **DISMISS PLAINTIFF'S COMPLAINT**
15  CALIFORNIA, a public entity; SETSU     **(Fed. Rule Civ. Pro 12(b)(6))**
   SHIGEMATSU, an individual; DYLAN
16  RODRIGUEZ, an individual; S.T.R.O.N.G.  Date:        December 4, 2020
   EDUTAINMENT, a nonprofit public benefit Time:        9:00 a.m.
17  corporation; and DOES 1-100, inclusive, Courtroom:   2
                                            Judge:       The Hon. John W. Holcomb
18
                    Defendants.
19

20

21

22

23

24

25

26

27

28

1

I.  **INTRODUCTION**

2     Plaintiff Ashanti McMillon's ("Plaintiff") opposition to Defendant The Regents of the

3 University of California's (the "University") motion to dismiss does not revive her untimely

4 claims.   As Plaintiff does not dispute:

5     •     A defendant may move to dismiss a complaint where the face of the complaint

6 shows that it is time-barred;

7     •     Plaintiff's first, second and fourth causes of action against the University are based

8 upon conduct that arose between "March 27, 2013 through on or about February 1, 2015";

9     •     The applicable statute of limitations for these claims is between two and four years

10 – but Plaintiff did not file her civil complaint until more than five years after the events at issue.

11     •     Plaintiff's fifth cause of action against the University is based upon alleged

12 misconduct that arose in 2016 – and is similarly beyond the applicable three-year statute of

13 limitations for copyright claims.

14     Plaintiff seeks to revive her time-barred claims under the fanciful theory that the

15 University should be equitably estopped from asserting a statute of limitations defense.  Plaintiff's

16 argument relies exclusively upon alleged facts set forth in her declaration, which is inadmissible in

17 adjudicating the University's motion to dismiss.   But even if the declaration were admissible, the

18 allegations contained therein do not support the application of equitable estoppel because the

19 University did not prevent or deter Plaintiff from filing a civil complaint.   Her inadmissible

20 declaration confirms this:   (1) Plaintiff does not point to any alleged misconduct by the University

21 until *after* March 15, 2018 – when the applicable statutes of limitations had already expired; (2)

22 Plaintiff does not allege any facts whatsoever to show that the University prevented or deterred

23 Plaintiff from filing a *civil* complaint (distinguishable from the conduct at issue in the cases that

24 Plaintiff cites in her brief); and (3) there are no facts in the declaration to suggest that Plaintiff

25 relied on the University's conduct in deciding not to file a civil complaint.  Indeed, Plaintiff does

26 not even declare anything in her 16-page declaration about why she did not file a civil complaint –

27 let alone that the University was the purported cause of her decision not to do so in a timely

28 manner.

1

Because Plaintiff cannot possibly overcome these and other pleading defects, the Court should grant the University's motion to dismiss without leave to amend.

## II.  ARGUMENT

**A.**      **The Court Should Dismiss Plaintiff's First Cause of Action for "Breach of Contract – Fraud / Misrepresentation"**

**1.**      **Plaintiff's Claim is Barred by the Applicable Statute of Limitations**

As the University demonstrated in its moving papers, a defendant may move to dismiss a complaint where the face of the complaint shows that it is time-barred.  *Lopes v. Vieira*, 488 F.Supp.2d 1000, 1043 (E.D. Cal. 2007); *Aldrich v. National Collegiate Athletic Association*, --- F.Supp.3d ----, 2020 WL 5255671 (N.D. Cal. 2020) ("A party may raise a statute of limitations argument in a motion to dismiss if it is apparent from the face of the complaint that the complaint was not timely filed and that the plaintiff will be unable to prove facts that will establish the timeliness of the claim").  Plaintiff does not dispute this principle.

Plaintiff contends that she has satisfied the "notice pleading" standard of Rule 8 of the Federal Rules of Civil Procedure – and that the "University has not offered any evidence from the face of the complaint that the facts as alleged in Plaintiff's Complaint would not entitle Plaintiff to relief."  Opp. at 3.   To the contrary, the University has shown conclusively that the facts alleged in Plaintiff's Complaint establish that her first cause of action is time-barred.

As the University showed in its moving papers: (1) Plaintiff's first cause of action for "breach of contract – fraud / misrepresentation" against the University is premised upon conduct that arose between "March 27, 2013 through on or about February 1, 2015" – when Professor Setsu Shigematsu made the alleged promises and misrepresentations to Plaintiff (Complaint ¶¶ 13-15, 18); (2) the applicable statute of limitations for Plaintiff's "hybrid" contract / fraud claim is between two and four years (Cal. Code Civ. Pro. §§ 337(a), 338, 339); and (3) Plaintiff did not file her Complaint until August 13, 2020 – more than five years after the alleged misconduct at issue, which renders her claim time-barred.

Plaintiff does not dispute any of these facts, but offers two responses.   Each fails.

First, citing California Government Code Section 815.2(a), Plaintiff contends that the University is liable for the alleged acts of Professors Setsu Shigematsu and Dylan Rodriguez. Opp. at 4-5.  This is a red herring.  Whether the University is liable for the acts of its professors or not has no impact whatsoever on whether or not Plaintiff has satisfied the applicable statutes of limitations – which she undeniably has not.[1]

Second, Plaintiff contends that the University is estopped from asserting a statute of limitations defense.  Opp. at 5-7.  Plaintiff's estoppel argument relies exclusively on alleged facts contained in a 16-page factual declaration that she filed in response to the University's motion to dismiss -- which consists exclusively of matters *not* alleged in the Plaintiff's Complaint.   Despite acknowledging in her opposition to the University's motion to dismiss that "[t]he Court may only consider what is within the 'four corners' of the pleading when considering a Fed. R. Civ. P. Rule12(b)(6) motion" (Opp. at 4), Plaintiff nonetheless relies exclusively on this declaration to support her estoppel argument.   Under controlling law, the declaration is patently inadmissible in adjudicating the University's motion to dismiss.  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice"); *Jacobson v. Schwarzenegger*, 357 F.Supp.2d 1198, 1205 (C.D. Cal. 2004) ("In ruling on the sufficiency of a complaint, the court may consider exhibits attached to the complaint and matters properly the subject of judicial notice . . . The court otherwise may not consider matters outside the complaint . . . Thus, in determining the sufficiency of the complaint, the court may not consider the new allegations and exhibits contained in the plaintiff's opposition").  *See* The University's Objections to Evidence, filed herewith.

Even assuming *arguendo* that Plaintiff's declaration were admissible – which it is not – it would not support Plaintiff's estoppel argument.   Despite being detailed and lengthy, Plaintiff's

---

[1] Contrary to Plaintiff's assertion, the University has *not* "acknowledged its vicarious liability for acts related to a course instructed by their employees Shigematsu and Rodriguez" (Opp. at 5). Indeed, the University already showed in its moving papers that the University is *not* liable for the professors' alleged misrepresentations. Cal. Govt. Code § 818.8 ("A public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional").

1   declaration does not state facts sufficient to estop the University from invoking the statute of

2   limitations defense.

3          The elements of equitable estoppel are:  (1) the party to be estopped must be apprised of

4   the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party

5   asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant

6   of the true state of facts; and (4) he must rely upon the conduct to his injury.  *Driscoll v. City of

7   Los Angeles*, 67 Cal.2d 297, 305 (1967).   As the California Supreme Court has explained:  "It is

8   well settled that a public entity may be estopped from asserting the limitations of the claims statute

9   where its agents or employees have *prevented or deterred the filing of a timely claim by some*

10   *affirmative act* . . . Estoppel most commonly results from *misleading statements about the need for*

11   *or advisability of a claim;* actual fraud or the intent to mislead is not essential . . . A fortiori,

12   estoppel may certainly be invoked when there *are acts of violence or intimidation that are*

13   *intended to prevent the filing of a claim*."  *John R. v. Oakland Unified School Dist.*, 48 Cal.3d 438,

14   445 (1989) (emphasis supplied).

15          The facts in Plaintiff's declaration – even if they were both admissible and accepted as

16   true – would not support an equitable estoppel claim against the University for at least the

17   following reasons:

18          ●      Plaintiff ceased being a student at the University on August 31, 2013, but she did

19   not submit her "whistleblower complaint" until March 15, 2018 – *more than four years after she*

20   *was a student*, and when the statute of limitations *had already expired* for any claims against the

21   University for alleged misconduct that occurred between "March 27, 2013 through on or about

22   February 1, 2015."  Complaint ¶¶ 13-15, 18; McMillon Declaration, page 1.   In other words,

23   Plaintiff does not point to any alleged misconduct by the University until *after* March 15, 2018 –

24   when the applicable statutes of limitations had already *expired*.[2]

25          ●      Plaintiff's declaration does not allege any facts whatsoever to show that the

26   University prevented or deterred Plaintiff from filing a *civil* complaint.   Rather, after such a civil

27   _____

28   [2] While the statute of limitations for breach of a *written* contract is four years, Plaintiff has not
alleged the existence of a *written* contract in her Complaint.

4

complaint already would have been time-barred, on April 4, 2018 a representative of the University purportedly described several options for seeking relief through the University's internal procedures – *i.e.,* "informal resolution," "wait until the investigation concludes and then submit [her internal whistleblower complaint]," or "Proceed forward with the allegations." McMillon Declaration, pages 2-3.   There is not one factual allegation in the entire declaration that states that a University representative prevented or deterred Plaintiff from filing a *civil* complaint – let alone even discussed the topic of a *civil* complaint with Plaintiff.  McMillon Declaration, pages 1-16.

●      There are no facts in the declaration to suggest that Plaintiff relied on the University's conduct in deciding not to file a civil complaint.   Indeed, as explained above, she points to no facts whatsoever demonstrating that the University prevented or deterred Plaintiff from filing a civil complaint.   Moreover, and importantly, she does not state or even imply in her declaration that she relied upon any of the University's conduct in not filing a civil complaint. The absence of this and other factual allegations is telling.

The cases that Plaintiff cites in her opposition are entirely distinguishable – in that all of those cases involve an affirmative act by the defendant designed to deter or prevent the plaintiff from filing a civil complaint.  *See John R.*, 48 Cal.3d 438 at 443-445 (finding that equitable estoppel could apply to a sexual molestation claim against a school district where the teacher explicitly threatened the child with retaliation if he reported the incidents of sexual molestation); *Holdgrafer v. Unocal Corp.*, 160 Cal.App.4th 907, 927 (2008) (equitable estoppel applied where the defendant affirmatively "represented that its investigation of the matter was ongoing, that it would begin remediation of the contamination as required by the state, and that it would do whatever was necessary to ensure that the affected property owners did not suffer any damages as a result of the contamination"); *Vu v. Prudential Property & Casualty Ins. Co.*, 26 Cal.4th 1142, 1152 (2001) (equitable estoppel applied when an insurance claims representative affirmatively "communicated specific facts describing the nature and amount of damage, and he advised Vu not to file a claim because the total damage Vu had incurred was less than the policy's deductible"); *Shaffer v. Debbas*, 17 Cal.App.4th 33, 43 (1993) (explaining that "Where the plaintiffs reasonably

rely on defendants' promise to repair the property damage without a lawsuit, is a jury permitted to find that plaintiffs' decision to delay filing a personal injury lawsuit was also reasonable? We conclude such a finding is permissible on the facts of this case"); *see also Lantzy v. Centex Homes*, 31 Cal.4th 363, 385 (2003) (holding that "plaintiffs have pled no facts indicating that defendants' conduct directly prevented them from filing their suit on time. Accordingly, the first amended complaint establishes no basis to estop defendants from asserting that plaintiffs' causes of action are barred by the 10–year statute of limitations").

Accordingly, Plaintiff has not stated facts – in the Complaint or in her inadmissible declaration – to revive her untimely claims under an equitable estoppel theory.

### 2. Whether Plaintiff's First Cause of Action is Grounded in Contract or Fraud, it Fails for Additional Reasons

The University's moving papers showed why Plaintiff's first cause of action fails to state a claim even if it were not time-barred:

- Plaintiff does not even attempt to plead the required elements of breach of contract – *i.e.*, (1) that the parties entered into an enforceable contract; (2) that Plaintiff did all, or substantially all, of the things that the contract required; (3) that all of the conditions occurred that were required for the University's performance; (4) that the University breached the contract by failing to do something that the contract required of it; and (5) that Plaintiff was harmed, and that the University's conduct was a substantial factor in causing harm to Plaintiff. *CDF Firefighters v. Maldonado*, 158 Cal.App.4th 1226, 1239 (2008) (citing elements). Indeed, Plaintiff does not even allege that the parties entered into a "contract" or "agreement." Complaint ¶¶ 18-25.

- Plaintiff's claim is based – at least in part – on an "oral" promise or representation. Complaint ¶¶ 19, 23. As a matter of law, oral promises are not enforceable against a government entity, such as the University. *Orthopedic Specialists of Southern California v. Public Employees' Retirement System*, 228 Cal.App.4th 644, 649 (2014) ("an oral promise cannot be enforced against a government agency").

- Under governing principles of immunity, a public entity like the University is not liable based on alleged misrepresentations by an employee such as Professor Shigematsu. Cal.

1   Govt. Code § 818.8; *Masters v. San Bernardino County Employees Retirement Assn.*, 32

2   Cal.App.4th 30, 43 (1995) ("the immunity of a public entity for misrepresentation by its

3   employee, whether intentional or negligent, is absolute"); *Janis v. California State Lottery*

4   *Commission*, 68 Cal.App.4th 824, 830 (1998) ("Whether a governmental tort immunity applies

5   does not depend on the form of the pleading, or relief sought").

6   ● As a public entity, the University is not liable for tort claims – absent a statute

7   providing to the contrary.   Cal. Govt. Code § 815(a) ("Except as otherwise provided by statute . . .

8   A public entity is not liable for an injury, whether such injury arises out of an act or omission of

9   the public entity or a public employee or any other person").   Plaintiff has not identified any

10   applicable statute in her first cause of action that would subject the University to tort liability.

11   Complaint ¶¶ 18-25.

12   Plaintiff's opposition does not address – and thus implicitly concedes – these failures of

13   her pleading.   For all of the foregoing reasons, the Court should dismiss Plaintiff's first cause of

14   action without leave to amend.

15   **B.    Plaintiff's Second Cause of Action for Negligence is also Barred by the Statute**

16   **of Limitations**

17   As the University showed: (1) Plaintiff's second cause of action against the University for

18   negligence is premised upon the University having a  "special relationship" with Plaintiff when

19   she was a student in 2013 (Complaint ¶¶ 26-31); (2) the statute of limitations for a cause of action

20   for negligence is two years (Cal. Code Civ. Pro. § 335.1); and (3) the alleged breach of duty arose

21   as of February 1, 2015 – more than five years before Plaintiff filed her Complaint (Complaint ¶¶

22   13-15, 26).  Plaintiff's opposition does not dispute any of these facts.  For these reasons, as well as

23   those explained in Section II-A-1 above, the Court should dismiss Plaintiff's second cause of

24   action without leave to amend.

25   **C.    Plaintiff's Fourth Cause of Action for Violations of the California Labor Code**

26   **also is Time-Barred**

27   As the University also demonstrated: (1) Plaintiff's fourth cause of action against the

28   University is for violations of various California Labor Code statutes related to the failure to pay

7

wages earned while she was a student in 2013 (Complaint ¶¶ 36-38); (2) the statute of limitations for violations of the California Labor Code is three years (Cal. Code Civ. Pro. § 338(a); *Cuadra v. Millan,* 17 Cal.4th 855, 859 (1998)); and (3) the alleged wage loss at issue occurred as of February 1, 2015 at the latest (Complaint ¶¶ 13-15, 37) – more than five years before Plaintiff filed her Complaint.  Plaintiff's opposition does not dispute any of these facts.  For these reasons, as well as those explained in Section II-A-1 above, the Court should dismiss Plaintiff's fourth cause of action without leave to amend.

### D.      The Court Should Dismiss Plaintiff's Fifth Cause of Action for Copyright Infringement

The University's moving papers also explained that: (1) Plaintiff's final claim against the University is for federal copyright infringement pursuant to 17 U.S.C. Section 501 (Complaint ¶¶ 36-44); (2) the crux of Plaintiff's claim is that Professor Shigematsu "registered works attributable to Plaintiff" in 2016 – and that Professor Shigematsu and the other defendants sold and advertised two of Plaintiff's (alleged) copyrighted stories and a song (Complaint ¶¶ 40, 42-43, 49); and (3) the statute of limitations for copyright infringement is three years (17 U.S.C.A. § 507; *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 669 (2014)).

Plaintiff expressly acknowledges that "more than three years have passed since the date that Professor Shigematsu purportedly registered works belonging to Plaintiff."  Opp. at 8.  The the root of her copyright infringement claim is therefore time-barred.  Complaint ¶ 43 (alleging that "on or about June 17, 2016, Defendant Setsu Shigematsu infringed on the copyright of Plaintiff Ashanti McMillon by registering works attributable to Plaintiff").  Plaintiff cannot pursue a copyright infringement claim based upon an alleged wrongful act that occurred more than three years ago – *i.e.,* whether Professor Shigematsu wrongfully registered the copyright or not.  Plaintiff's entire infringement claim is premised upon the validity of Professor Shigematsu's act of registration in 2016 – making her claim untimely.  17 U.S.C.A. § 507.

Plaintiff contends that her copyright infringement claim is nonetheless viable because the infringement is continuing – *i.e.,* "Defendants infringed upon Plaintiff's copyright on or about June 16, 2016 and continue[] to do so through as recent as November 11, 2020, as 'Guardian

8

Princesses Inaugural Trilogy' remains available for purchase on Amazon.com."   Opp. at 8.   This allegation of continuing infringement does not alter the reality that the alleged misconduct of wrongfully registering the trademark occurred more than three years ago.   Moreover, there is no plausible allegation that the University – from which Plaintiff graduated more than seven years ago – has anything whatsoever to do with the alleged ongoing infringement by Professor Shigematsu and her private company (S.T.R.O.N.G. Edutainment) (Complaint ¶¶ 40, 42-43), let alone the sale of the referenced trilogy on November 11, 2020 from an unaffiliated seller called "Jenson Books Inc." (Exhibit B to McMillan Declaration in Opposition to Professor Shigematsu's Motion to Dismiss).

In the alternative to dismissing Plaintiff's claim against the University in its entirety, the Court should dismiss Plaintiff's copyright infringement claim as to any alleged infringement that occurred before August 13, 2017 (more than three years before Plaintiff filed her Complaint).   As the Ninth Circuit has explained:  "Section 507(b) is clear on its face. 'It does not provide for a waiver of infringing acts within the limitation period if earlier infringements were discovered and not sued upon, nor does it provide for any reach back if an act of infringement occurs within the statutory period' . . . This interpretation is consistent with the prevailing view that the statute bars recovery on any claim for damages that accrued more than three years before commencement of suit . . . Roley filed his suit on February 7, 1991.  Here, then, § 507(b) bars recovery of any damages for claims that accrued prior to February 7, 1988."  *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994).

## E.   Plaintiff's Complaint Should Be Dismissed Without Leave to Amend

As the University's moving papers showed, a motion to dismiss should be granted without leave to amend where, as here, a plaintiff cannot state additional facts to cure the pleading's deficiency (and/or has previously availed itself of the opportunity to file an amended pleading that did not state a plausible claim).  *E.g., Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) ("Leave to amend may be denied if a court determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency' [and] "Leave to amend may also be denied for repeated failure to cure deficiencies by previous amendment")

9

1  (citing *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) and

2  *Foman v. Davis*, 371 U.S. 178, 182 (1962)).   Plaintiff does not dispute these principles; does not

3  request leave to amend; and does not provide an explanation for how she can cure her pleading

4  deficiencies.

### III.  CONCLUSION

6       For the foregoing reasons, the Court should grant the University's motion to dismiss.

7  Given that there is no reasonable probability that Plaintiff can cure her pleading defects, the Court

8  should grant the University's motion to dismiss without leave to amend.

9  Dated:  November 20, 2020                    RIMON, P.C.

11                                             By: _/s/ Brian T. Hafter_____
                                               Brian T. Hafter
12                                             Attorneys for Defendant
                                               THE REGENTS OF THE
13                                             UNIVERSITY OF CALIFORNIA